UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOLA DAVIS, et al., | No. 2:24-cv-02161-DC-SCR |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT AS GUARDIAN *AD LITEM* WITHOUT PREJUDICE |
| COUNTY OF SOLANO, et al., | |
| Defendants. | (Doc. No. 6) |

The matter is before the court on petitioner Margrette Davis's motion for appointment as guardian *ad litem* for minor Plaintiff O.D. (Doc. No. 6.) No opposition to the pending motion has been filed. The previously-assigned district judge took the pending motion under submission on September 25, 2024.[1] (Doc. No. 9.)

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To that end, Rule 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). In this district, Local Rule 202(a) further provides, in pertinent part:

---

[1] This case was reassigned to the undersigned on October 10, 2024. (Doc. No. 10.)

1

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986).

Here, petitioner Margrette Davis represents that she is the biological aunt of minor Plaintiff O.D., who is under the age of 18. (Doc. No. 6 at 2.) Petitioner Davis also represents that she is willing to serve as Plaintiff O.D.'s guardian *ad litem* in this case, and that she "is fully competent to understand and protect the rights of O.D. and has no interest adverse to O.D." (*Id.* at 3.) Based on these representations, the court finds petitioner Margrette Davis to be an appropriate guardian *ad litem* for Plaintiff O.D., and that the requirements of Local Rule 202(a) have been satisfied. However, Plaintiffs' counsel has not provided the disclosure of attorney's interest as required by Local Rule 202(c). For this reason, the court will deny petitioner Margrette Davis's motion for appointment as guardian *ad litem* without prejudice to her re-filing a revised motion or notice that complies with the requirements of Local Rule 202(c).

Accordingly:

1. Petitioner Margrette Davis's motion for appointment as guardian *ad litem* for minor Plaintiff O.D. (Doc. No. 6) is denied, without prejudice, due to noncompliance with the requirements of Local Rule 202(c);

2. Petitioner Margrette Davis shall file a renewed motion or revised notice that complies with Local Rule 202(c) within fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: __**October 31, 2024**__

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Dena Coggins
Dena Coggins
United States District Judge

3