UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOLA DAVIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SOLANO, et al.,<br><br>Defendants. | No. 2:24-cv-02161-DC-SCR<br><br>ORDER GRANTING MOTION FOR APPOINTMENT OF MARGRETTE DAVIS AS GUARDIAN *AD LITEM* FOR PLAINTIFF O.D.<br><br>(Doc. No. 27) |

On August 13, 2024, petitioner Margrette Davis filed a motion for appointment as guardian *ad litem* for minor Plaintiff O.D. in this case. (Doc. No. 6.) The court denied that motion without prejudice on October 31, 2024, because the motion did not comply with the requirements of Local Rule 202(c). (Doc. No. 21.) On February 8, 2025, Plaintiff O.D. filed a renewed motion to appoint Margrette Davis as guardian *ad litem*. (Doc. No. 27.) On February 10, 2025, the court ordered Plaintiffs to file a supplemental declaration by Plaintiffs' counsel to support the renewed motion, as the renewed motion failed to comply with Local Rule 202(c), for the same reasons the court denied the first motion. (Doc. No. 28.) On March 3, 2025, Plaintiffs' counsel filed a supplemental declaration in support of the pending motion. (Doc. No. 29.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for April 18, 2025. For the reasons explained below, the court will grant the renewed motion and appoint Margrette Davis as Plaintiff

1

O.D.'s guardian *ad litem*.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion

1 | of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

2 |     The court finds the requirements of Local Rule 202(a) have been satisfied. The proposed guardian *ad litem* Margrette Davis represents that she is the aunt of minor Plaintiff O.D. (Doc. No. 27 at ¶¶ 1, 3.) Further, Margrette Davis states she is willing to serve as Plaintiff O.D.'s guardian *ad litem* in this case, and she "is fully competent to understand and protect the rights of O.D. and has no interest adverse to O.D." (*Id.* at ¶¶ 2, 6.)

    The motion also meets the requirements of Local Rule 202(c). In a declaration filed in support of the pending motion, Plaintiffs' counsel Brandon Yee declares that his law firm Burris Nisenbaum Curry and Lacy, LLP, was retained by Margrette Davis to represent Plaintiff O.D. in this case. (Doc. No. 29 at ¶ 3.) Attorney Yee represents the engagement of his law firm is on a pure contingency fee basis, and he asserts that if they "[do] not win the case, [he] would not be paid and O.D. and O.D.'s family would owe [him] nothing," and he "would not receive any compensation by anyone. (*Id*. at ¶ 3.) Attorney Lee further clarifies that he "[has] never been employed or affiliated with any of the defendants, their agents, employees, or their insurance carriers nor have they had any involvement whatsoever in my being retained to represent the interests [of] O.D. and Ms. Davis." (*Id*. at ¶ 5.)

    For these reasons, Plaintiff O.D.'s renewed motion for the appointment of Margrette Davis as guardian *ad litem* will be granted.

Accordingly:

1. The renewed motion for the appointment of Margrette Davis as guardian *ad litem* for Plaintiff O.D. (Doc. No. 27) is GRANTED;

2. Margrette Davis is appointed to act as guardian *ad litem* for Plaintiff O.D. and is authorized to prosecute the action on her behalf; and

/////
/////
/////
/////
/////

3

3. In light of this order, the hearing on Plaintiff O.D.'s renewed motion set for April 18, 2025 is VACATED.

IT IS SO ORDERED.

Dated: __**March 18, 2025**__

_____
Dena Coggins
United States District Judge

4