UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOLA DAVIS, et al. | No. 2:24-cv-02161-DC-SCR |
| Plaintiffs, | |
| v. | ORDER GRANTING THE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS |
| COUNTY OF SOLANO, et al., | |
| Defendants. | (Doc. No. 36) |

This matter is before the court on the unopposed motion to withdraw as Plaintiffs' counsel of record filed by Attorneys Brandon Yee, Kenneth Chike Odiwe, and John L. Burris on May 19, 2025. (Doc. No. 36.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 39.)  For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

1

L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include to following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

/////

2

>  (6) the client knowingly and freely assents to termination of the representation;
>
>  (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;
>
>  (8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;
>
>  (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or
>
>  (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

**ANALYSIS**

Here, Attorneys Yee, Odiwe, and Burris move to withdraw as counsel for Plaintiffs in this action because "it has become unreasonably difficult for [counsel] to carry out effective representation," and "Plaintiffs and [counsel] have irreconcilable differences over the management and direction of the litigation." (Doc. No. 36 at 3.) In a declaration filed under seal, Attorney Yee provides further detail as to those difficulties and irreconcilable differences. (Doc.

3

1   No. 41.) The pending motion thus seeks permissive withdrawal based on California Rule of

2   Professional Conduct 1.16(b). (Doc. No. 36 at 3–4.)

3         As for prejudice withdrawal may cause to other parties, the court notes that Defendants

4   did not file an opposition to the pending motion for withdrawal, nor otherwise express concerns

5   regarding prejudice or delay.

6         As for prejudice to Plaintiffs, counsel assert in the pending motion that Plaintiffs have

7   indicated they do not object to counsel's withdrawal from representing them. (*Id.* at 5.) In

8   addition to giving Plaintiffs written notice of their intent to withdraw, Attorney Yee and Attorney

9   Odiwe "met with Plaintiffs personally where the possibility of not continuing to pursue this action

10  was discussed."[1] (*Id.* at 4.) Attorney Yee explains in the declaration he concurrently filed with the

11  pending motion that he sent Plaintiffs their case file, including the coroner's report, on December

12  18, 2024, and they "discussed the matter in depth." (Doc. No. 36-1 at 2.) Attorney Yee further

13  states that as a result of that discussion, Plaintiffs agreed to seek other counsel to represent them

14  in this action. (*Id.*) Even though Plaintiffs have had notice of their counsel's intention to withdraw

15  for over six months, to date, Plaintiff has not filed a substitution of counsel or a notice of

16  appearance of new counsel.

17        As for delay that may be caused by permitting withdrawal, the court notes that this case

18  currently has a motion to dismiss pending and a scheduling order has not yet issued. (*See* Doc.

19  No. 31.) Thus, this case is still in the early stages of litigation. Granting the pending motion and

20  providing time for Plaintiffs to obtain new counsel to represent them in this case will not cause

21  significant delay in resolving this case.

22        Having considered the motion and Attorney Yee's representations, the court finds that the

23  permissive withdrawal sought by counsel is appropriate under Rule 1.16(b).

24        Thus, the pending motion to withdrawal as counsel for Plaintiffs will be granted. Plaintiffs

25  Leola Davis, Jayden Davis, and Keymari Davis will be provided thirty (30) days to obtain new

26  counsel to represent them in this action or to inform the court of their intention to proceed *pro se*

---

[1] Attorney Yee provided the court with Plaintiff's last known address, as required by Local Rule 182. (Doc. No. 40.)

4

in this case. However, as a minor, Plaintiff O. D., through her guardian *ad litem* Margrette Davis, may only proceed with counsel. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). Thus, Plaintiff O.D. will be provided thirty (30) days to obtain new counsel to represent her in this action.

**CONCLUSION**

For the reasons set forth above:

1. The motion to withdraw as counsel for Plaintiffs (Doc. No. 36) is GRANTED;

2. The Clerk of the Court is directed to terminate Attorneys Brandon Yee, Kenneth Chike Odiwe, and John L. Burris as the counsel of record for Plaintiffs;

3. Attorneys Brandon Yee, Kenneth Chike Odiwe, and John L. Burris shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

4. Within thirty (30) days from the date of entry of this order, Plaintiffs Leola Davis, Jayden Davis, and Keymari Davis shall file either: (i) a notice of appearance by new counsel obtained to represent them in this action, or (ii) a notice informing the court that they will continue prosecuting this action *pro se*;

5. Within thirty (30) days from the date of entry of this order, Plaintiff O.D., through her guardian *ad litem* Margrette Davis, shall file a notice of appearance by new counsel obtained to represent her in this action;

6. Plaintiffs are warned that their failure to comply with this order may result in the court dismissing this action due to their failure to prosecute and failure to comply with the court's order;

7. Plaintiffs Leola Davis, Jayden Davis, and Keymari Davis are substituted in *pro se* and are directed to comply with all future hearing dates and the rules of the court;

8. The Clerk of the Court is directed to enter the following contact information as Plaintiffs' addresses of record;

>Leola Davis
>204 Ohio Street, Apt. C
>Vallejo, CA 94590
>
>Jayden Davis
>18 Mosswood Avenue
>Vallejo, CA 94591
>
>Keymari Davis
>18 Mosswood Avenue
>Vallejo, CA 94591

9. The Clerk of the Court is directed to serve this order on Plaintiffs Leola Davis, Jayden Davis, and Keymari Davis by mail; and

10. The Clerk of the Court is also directed to serve a copy of this order on Plaintiff O.D.'s guardian *ad litem*, Margrette Davis, by mail at the following address:

>Margrette Davis
>18 Mosswood Avenue
>Vallejo, CA 94591

IT IS SO ORDERED.

Dated: **July 31, 2025**

_____
Dena Coggins
United States District Judge

6